IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 SEP 20 A 10: 11

| | |
|---|---|
| CARLOS A. MONTERO-AYALA | : |
| Petitioner, | : |
| vs. | : CASE NO. 2:05cv897.F |
| BUREAU OF PRISONS; | : |
| SCOTT A. MIDDLEBROOKS, Warden, | : |
| Respondents. | : |
| _____ | : |

### PETITION FOR THE ISSUANCE OF THE WRIT OF HABEAS CORPUS

COMES NOW, the petitioner, Carlos A. Montero-Ayala (her-in-after "petitioner"), pro se, and respectfully files this petition before this Honorable Court.

### JURISDICTION

The jurisdiction of this Court is invoked under 21 U.S.C. §2241.

### VENUE

The instant petition for the issuance of the writ of habeas corpus has been filed pursuant to 28 U.S.C. §2241, and as such this Court is the proper venue to rule on petitioner's §2241 in light that, this is the Court with jurisdiction over the correctional institution where petitioner is confined. See Hooker v. Sivley, 187 F.3d 680 (5th Cir. 1999); Hernandez v. Campbell,

204 F.3d 861 (9th Cir. 2000)("A §2241 habeas corpus 'must' be brought in the jurisdiction where the petitioner is being confined"). Id.

## STATEMENT OF FACTS

**A. THE OFFENSE**

**Charges And Convictions**

1. The defendant was, along with another seven (7) co-defendants, the subject of a One Count Indictment by a federal Grand Jury sitting on the District of Puerto Rico on June 30, 2000. The Indictment charged that from in or about 1998, and until June 30, 2000, within the District of Puerto Rico, the petitioner and other known and unknown persons conspired with each other to distribute and excess of five (5) kilograms of cocaine, one (1) kilogram of heroin, all in violation of 21 U.S.C. §§ 841(a)91) and 846.

2. On December 11, 2000, petitioner pled guilty pursuant to a verbal plea agreement accorded under the provisions of Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the plea agreement call for the following guideline adjustments: a base offense level of twenty six (26) pursuant to §2D1.1 U.S.S.G.; a two level increase based on the defendant's supervisory role; plus two additional levels since the defendant used a minor during the commission of the instant offense; and a two level reduction for acceptance of responsibility; thereby establishing a total offense level of (30). The parties agreed that no further adjustments or departures applicable.

## Offense Level Computation

In the Instant matter the finding of the United States Probation Office were as follows as reflected in petitioner's Pre Sentence Investigation Report ("PSIR"):

3. <u>Base Offense Level</u>: 21 U.S.C. §846 offenses are governed by the provisions of §2D1.1 U.S.S.G. That section provides that offenses involving at least five hundred grams but less than 2 kilograms of cocaine have a base offense level of twenty six (26).

4. <u>Specific Offense Characteristics</u>: **As the offense involved the possession of firearms, a two (2) level enhancement is warranted.** Guideline §2D1.1(b)(1). <u>Id</u>. PSI p.4.

5. <u>Role in the Offense</u>: since the defendant was the supervisor of a criminal activity, a two (2) level increase is warranted. I.S.S.G. 3B1.1(c). <u>Id</u>. PSI p.4.

6. <u>Role in the Offense Adjustment</u>: Since the defendant used a minor during the commission of the instant offense, a two (2) level increase is warranted, pursuant to §3B1.4 U.S.S.G. <u>Id</u>. at PSI p.4.

7. <u>Acceptance of Responsibility Adjustment</u>: As the defendant has accepted personal responsibility for his criminal conduct, the offense level is reduced two (2) levels pursuant to Guideline §3E1.1(a). <u>Id</u>. PSI p. 4.

8. <u>Total Offense Level</u>: 30. Id. at PSI p.4.

At sentencing the District Court adopted the findings and recommendations of the PSI and thereby, sentenced petitioner to ( ) months' imprisonment, ( ) years supervised release, and a special §100.00 assessment.

## ARGUMENT WITH INCORPORATED MEMORANDUM OF LAW

In the instant matter the Bureau of Prisons ("BOP") is excluding petitioner from the one year sentence reduction upon his successful completion of the Residential Drug Alcohol Program (RDAP) by relying on the fact that petitioner's sentence was enhanced based on the fact that he possessed a firearm during the commission of the offense for which he stands convicted and serving his present term of imprisonment.

In 1994 Congress passed the Violent Crime and Control Act of 1994 ("Act"). Part of the Act directed the BOP to make appropriate substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. §3621(b). As an administrative incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons adopted a revise 28 C.F.R. §550.58. The revised regulation abandoned its earlier incorporation of a crime-of-violence definition in 18 U.S.C. §924(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. §550(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under §3621 (e)92)(B). 28 C.F.R. 550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15, 1997.

To aid BOP staff in understanding and implementing these amendments to §550.58, the BOP issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs is his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that the BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant enhancement under §2D1.1 and §2D1.11 of the Federal Sentencing Guidelines.

In the case at bar petitioner respectfully submits that because he was not convicted of a nonviolent offense, the BOP

-5-

abused its statutory discretion in basing their decision to exclude Petitioner from consideration for early release because of the two point-sentence enhancement that he received for being in possession of a firearm during the commission of the present offense.

The United States Supreme Court has held that under §3621(e)(2)(B), the BOP has the discretion to promulgate 28 C.F.R. :550.58 and categorically deny early release to prisoners like petitioner whose current offense was a felony attended by the carrying, possession, or use of a firearm. Lopez v. Davis, 531 U.S. 230, 238-43 (2001). However, the Supreme Court in Lopez declined to address the issue of whether the BOP violated the notice and comment provisions of the Administrative Procedure Act (APA) when it published the 1997 regulation because the issue was not raised in the lower courts or presented in the petition for certiorari. Lopez v. Davis, 531 U.S. at 244, n.6.

In Bohner v. Daniels, 243 F.Supp.2d 1171 (D.Or. 2003), the federal district court held that the BOP's Program Statement 5162.04 could not be used to deny early release, where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. ¶553 of the Administrative Procedure Act (APA), and the rule that the program statement purported to interpret, namely 28 C.F.R. §550.58, was likewise invalid, because it, too, had not been issued in compliance with the Administrative Procedure Act. Id.

-6-

at 1174-79.

In so ruling, the Court in Bohner noted that Section 553(b) of the administrative Procedure Act requires that "[g]eneral notice of proposed rulemaking shall be published in the Federal Register." Bohner, 248 F.Supp.2d at 1175 (citing 5 U.S.C. §553(b)). Section 553(d) of the Administrative Procedures Act requires publication of the rules no t less than thirty days prior to their effective date, but provides a good cause exception in subsection (d)(3). "[B]efore the exception becomes relevant, however, the agency must first justify abandoning the requirement of prior notice and comment pursuant to subsection (b)(B)." Bohner, supra, at 1175 (citing Western Oil & Gas Ass'n v. United States Envtl. Prot. Agency, 633 F.2d 803, 811-12 (9th Cir. 1980).

The Court in Bohner found the the BOP had violated both Sections 553(b) and (d) of the APA in promulgating 28 C.F.R. §550.58, because the BOP published nothing about this interim rule in the Federal Register until October 15, 1997, even though the effective date of the regulation was October 9, 1997. Bohner v. Daniels, supra, at 1175. The court further found that none of the statutory exceptions of Section 553(b) applied. 5 U.S.C. §553(b)(3) indicates that the notice and comments requirements of Section 553(b) do not apply: "(A) to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice; or (B) when the

agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." The court in Bohner noted that the exception found in subsection (A) did not apply because the BOP's 1997 rule was not an interpretative rule or a general statement of policy. Id. at 1176 (citing Gunderson v. Hood, 268 F.3d 1149, (9th Cir. 2001); Grier v. Hood, 46 F.Appx. 433, 440 (9th Cir. 2002)). The court likewise found that the "good cause exception" contained in Section 553(b)(3)(B) did not apply, because nowhere in its notice in the Federal Register did the BOP explain that it was invoking the good cause exception nor did it explain why the notice and comment procedure was impracticable, unnecessary, or contrary to the public interest. Bohner, supra, 1176 (citing to 62 Fed.Reg. 536900 (Oct. 15, 1977)). Because the BOP failed to invoke the good cause exception when it promulgated the 1997 regulation, and failed to explain why it was impracticable, unnecessary, or contrary to public interest, the court found that these procedural errors invalidated the regulation. Id.

Having determined that 28 C.F.R. §550.58 was invalid, because it had not been promulgated in compliance with the Administrative Procedure Act, the court in Bohner concluded that Program Statement 5162.04! likewise could not be used to deny the petitioner early release upon successful completion of the

drug treatment program ("RDAP"). In deciding this issue, the court in Bohner had to reconcile "apparently conflicting precedents" from the Ninth Circuit involving this issue. Bohner, supra, at 1177. The Court noted that the Ninth Circuit had ruled in Grassi v. Hood, 251 F.3d 1218, 1221-22 (9th Cir. 2001) that even if the 1997 interim regulation was invalid because the BOP failed to comply with notice and comment requirements of the APA, the program statement [5162.04], which predated the amended rule, would remain viable, because it never was rescinded, nor was it expressly superseded by the later 1997 interim regulation. However, the court in Bohner noted that the Ninth Circuit subsequently held in Gunderson v. Hood, 268 F.3d 1149, 1155 99th Cir. 2001) that because Program Statement 5162.04! did no more than clarify or explain existing law, it was interpretative and thus not subject to the requirements of the APA. Finally, the court in Bohner noted that the Ninth Circuit had reversed the district court's denial of another habeas petitioner's motion to amend his habeas petition to include an allegation under the Administrative Procedure Act, stating that it would not have been futile because it appeared that the BOP violated the APA. Grier v. Hoood, 46 Fed.App. 433 (9th Cir. 2002). The district court in Bohner observed that "[G]rier did not, however, explain why it mattered that the regulation violated the APA given Grassi's observation that the program statements would survive regardless of whether the

regulation complied with the APA." Bohner, supra, at 1178.

The court in Bohner determined that it was unnecessary to harmonize the Ninth Circuit precedents because regardless of whether Grassi or Gunderson controlled, only one outcome was possible, i.e., the program statements may not be used to deny the petitioner early release. Bohner, at 1179:

> "First, if Grassi is correct, the 1997 program statements would deny petitioner a sentence reduction independent of the 1997 rule. If so, the program statements should have been classified as legislative rules, and promulgated in compliance with the APA's notice and comment procedures. Because they were not, they may not be relied upon to deny petitioner early release. Alternatively, if Gunderson is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined above that the 1997 rule was invalid, so there is no rule left for the 1997 program statement to interpret."

Id. Bohner, supra, at 1179.

Based on its ruling in Bohner v. Daniels, supra, the same district court subsequently granted habeas relief twice on the basis that Program Statement 5162.04! was invalid because it had not been promulgated in compliance with and comment procedures of the Administrative Procedure Act. See Pickrel v. Daniels, 2004 WL 1445106 (D. Or. June 24, 2004). Bernard

-10-

v. Daniels, 2004 WL 1197774 (D. Or. May 28, 2004). Another court has previously held that the BOP's Program Statement 5162.02, the predecessor to the current Program Statement 5162.04, which also indicated that certain crimes were considered "crimes of violence" if sentence enhancements were given for firearm possession, thus rendering a prisoner convicted of such crime ineligible for the early release program, was a legislative rule that was subject to the notice and comment requirements of the APA. See Wiggins v. Wise, 951 F.Supp. 614, 619-20 (S.D. W. Va. 1996).

The district court in Joel Hobbs v. John R. Hemingway, Case No. 04-CV-70678-DT (E.D. Mich. 2004) adopted its ruling in Bohner when granting relief in Hobbs, supra, (citing Maximum Home Health Care, Inc. v. Shalala, 272 F.3d 318, 321 (6th Cir. 2001). The Court further concluded that "If program Statement 5162.04 denied inmates eligibility for early release independent of 28 C.F.R. §550.58, it should have bee classified as a legislative rule and promulgated in compliance with the APA's notice and comment procedures. Because it was not, P.S. 5162.04 may not be relied upon to deny an inmate early release." Bohner, at 1179. "Alternatively, if Program Statement 5162.04 is merely interpretative of 550.58, because this interim rule is itself invalid, there is no rule left for this Program Statement to interpret. Either way, the Program Statement cannot be used to deny Petitioner early release."

Id.

For the foregoing reasons petitioner respectfully prays of this Court to issue a ruling consistent with the ruling in <u>Bohner</u> and thereby, hold that BOP Policy Statement 5164.04! cannot be used by the BOP to deny petitioner early release.

B.  **THE BOP CAN NO LONGER RELY ON U.S.S.G. §§ 2D1.1(b)(1) TO DENY PETITIONER HIS ONE YEAR SENTENCE REDUCTION UNDER 18 U.S.C. §3621 BECAUSE, U.S.S.G. §2D1.1 HAS BEEN DECLARED AN UNCONSTITUTIONAL PROVISION OF LAW BY THE U.S. SUPREME COURT.**

Petitioner's sentence stands enhanced two levels pursuant to 2D1.1 for possession of a firearm. The BOP is relying oon such enhancement to deny petitioner a one year sentence reduction upon succesful completion of the RDA. See 18 U.S.C. §3621(e)(2)(B). However, in a recent opinion the Supreme Court has declared that §2D1.1 U.S.S.G. is an unconstitutional provision of law that violates a defendant's Sixth Amendment right to jury trial and to only be held liable for charges launched in the indictment, proved beyond a reasonable doubt or, accepted by the petitioner. See <u>United States v. Booker</u>, 543 U.S. _____, 125 S.Ct. 738 (2005). In essence, the BOP is relying in a law that has been declared unconstitutional to deprive petitioner of a liberty interest that is, the one year sentence reduction under 18 U.S.C. §3621(e)(2)(B). True, the Supreme Court granted the BOP discretion to interpret what constitutes violent conduct however,

at the time <u>Lopez</u>, infra, was decided the Court had not yet decided <u>Booker</u>, supra, and thus, the unconstitutionallity of the United States Sentencing guidelines had not yet been made law by the supreme Court. Consequently, <u>Lopez</u> is not a controling authority in the instant matter because, to do so would mean that <u>Lopez</u> overrules Booker and clearly such is not the case. See <u>Lopez v. Davis</u>, 531 U.S. 244 (2001). Based on the foregoing the BOP is abusing its discretion by relying in <u>Lopez</u> to deny the petitioner a liberty interest and for such denial to be based on a section of the United States Sentencing Guideline which "is" now an unconstitutional provision of law.

## CONCLUSION

For the foregoing reasons petitioner prays of this Honorable Court to grant this habeas corpus petition and thereby, order the BOP to grant petitioner a one year sentence reduction upon his succesful completion of the RDAP.

Respectfully submitted,

*Carlos A. Montero Ayala*
Carlos Montero-Ayala, pro se.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 6TH day of August, 2005, to: Scott A. Middlebrooks, Warden for the Federal Prison Camp Montgomery, Maxwell Air Force Base, Montgomery, AL 36112. The service was conducted via first class mail. This certificate is submitted under penalty of perjury pursuant to 28 U.S.C. §1746.

Respectfully submitted,

*Carlos A. Montero Ayala*

Carlos A. Montero-Ayala, pro se