Attachment 2

Oct 20 05 02:13p                                                                                             p.1

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

ENTERED ON DOCKET
PURSUANT TO FRAP 4(b)

# UNITED STATES DISTRICT COURT

FOR THE _____ District of _____ PUERTO RICO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |
| CARLOS A. MONTERO-AYALA | Case Number:  01-CR-334-01 (JAF) |
| A/K/A "CHINO", T/N: CARLOS ALBERTO MONTERO-AYALA | OCTAVIO RIVERA BUJOSA, ESQ. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)  ONE ON 12-11-00.

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute at least five hundred (500) grams but less than 2 kilograms of cocaine, a Class "B" felony. | On or about 1998, and until June 30 2000. | ONE |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  X is  X are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's econ...

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 05-12-69

Defendant's USM No.: 20246-069

Defendant's Residence Address:
ALTURAS DE PEÑUELAS 7TH, ST. G-6
PEÑUELAS, P.R. 00624

JUNE 19TH, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

JOSE A. FUSTE, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

20/01

Certified to be a true and exact copy of the original.
FRANCES RIOS DE MORAN, CLERK
U.S. District Court for the
District of Puerto Rico
By: _____  DEPUTY CLERK
Date: 5/11/01

Defendant's Mailing Address:
----------SAME AS ABOVE----------

A/cs: 2 USM, 1 MDC
S/cs: USM, USPO, PTSO, FC

6/21/01

AO 245D    (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

|  |  |
|---|---|
| DEFENDANT: CARLOS A. MONTERO-AYALA | Judgment — Page 2 of 7 |
| CASE NUMBER: 00-CR-334-01 (JAF) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **NINETY-SEVEN (97) MONTHS.**

X   The court makes the following recommendations to the Bureau of Prisons:
    Defendant be allowed to serve his sentence somewhere in the South-Eastern portion of the United States. Once there, defendant participate in the comprehensive 500 hour drug program.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m. on _____
    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____
    ☐   as notified by the United States Marshal.
    ☐   as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

I HAVE PARTIALLY/FULLY EXECUTED THIS J&C/WRIT/WARRANT TRANSFER ORDER BY TAKING CUSTODY OF _____ AT _____ AND COMMITTED SAME TO _____ ON _____
BOP BUS LIEUTENANT

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

I HAVE PARTIALLY/FULLY EXECUTED THIS J&C/WRIT/WARRANT TRANSFER ORDER BY TAKING CUSTODY OF _____ AT _____ AND COMMITTED SAME TO _____ ON _____ By _____
BOP BUS LIEUTENANT

                                    UNITED STATES MARSHAL

                                    By _____
                                    DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

|  |  |
|---|---|
| DEFENDANT:     CARLOS A. MONTERO-AYALA | Judgment—Page 3 of 7 |
| CASE NUMBER:   00-CR-334-01 (JAF) | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FOUR (4) YEARS.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☐   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
           Sheet 3 — Reverse — Supervised Release

Judgment—Page 4 of 7

DEFENDANT:       CARLOS A. MONTERO-AYALA
CASE NUMBER:     00-CR-334-01 (JAF)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit any crimes, federal, state, or local, and shall comply with the standard conditions of Supervised Release promulgated by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess any controlled substances, or any firearms, destructive devices, and other dangerous weapons.

3. The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release on supervised release, at least two (2) periodic tests thereafter, and whenever requested by the U.S. Probation Officer. If any such samples detect substance abuse, that the defendant participate in a substance abuse treatment program arranged and approved by the U.S. Probation Office until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer.

4. The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident that the premises may be subject to searches pursuant to this condition.

AO 245B - (Rev. 9/00) Judgment in a Criminal Case
Sheet 5, Part A — Criminal Monetary Penalties

Judgment — Page  5  of  7

DEFENDANT:      CARLOS A. MONTERO-AYALA
CASE NUMBER:    00-CR-334-01 (JAF)

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|-----------|------|-------------|
| TOTALS  | $ 100.00  | $    | $           |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|-----------------------------------------|
|               |                      |                               |                                         |

TOTALS    $_____    $_____

☐ If applicable, restitution amount ordered pursuant to plea _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

  ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.