IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

CARLOS A. MONTERO-AYALA,

    Petitioner,

v.                          Civil Action No. 2:05-CV-897-F

SCOTT A. MIDDLEBROOKS,

    Petitioner.

_____/

**PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S**

**28 U.S.C. §2241 HABEAS CORPUS PETITION**

    COMES NOW, the petitioner, Carlos A. Montero-Ayala (hereinafter "petitioner"), pro se, and respectfully files this "Reply" before this Honorable Court.

**SUMMARY OF ARGUMENT**

    Petitioner's habeas corpus should be granted in light that the Respondent only objects to same being granted on grounds that, the Supreme Court ruling in Booker, infra, has not been made retroactive to cases on collateral review. However, as demonstrated infra the instant matter is unrelated to petitioner's criminal conviction because, the case at bar challenges the present conduct of a government agency the, "BOP", and its official, Scott A. Middlebrooks, Warden. Because this is not a 28 U.S.C. §2255 motion challenging petitioner's criminal conviction but rather, the actions of the Respondent then, Booker does not have to be made retroactive to be applicable to the

instant matter.

Furthermore, the Respondent does not defend the unconstitutionallity of U.S.S.G. §2D1.1 rather, he argues that this Court should allow the application of such unconstitutional provision of law. The Respondent's argument lacks any legal merit. Wherefore, petitioner's habeas corpus should be granted.

I. **THE BOP'S RELIANCE ON PETITIONER'S SENTENCE ENHANCEMENT TO DENY PETITIONER OF THE BENEFIT OF A FEDERALLY FUNDED PROGRAM VIOLATES THE SUPREME COURT'S RULING IN United States v. Booker, 123 S.Ct. 738 (2005)**

As set forth in the Respondent's Response, the petitioner alleges that the Bureau of Prisons ("BOP") can no longer rely on U.S.S.G. §§2D1.1(b)(1) to deny his one year sentence reduction under 18 U.S.C. §3621 because this section of the sentencing guidelines has been held unconstitutional under the Booker case. See (Resp. p. 11, §D, ¶1). The Respondent acknowledges that in Booker, supra, the Court ruled that "any fact that increases the maximum sentence under the sentencing guidelines mus be proven to a judge or jury beyond a reasonable doubt, or admitted by the defendant..." (Resp. p.11, §D, ¶1). However, although the aforementioned is correct, the Respondent fails to acknowledge that in Booker the Court ruled that 3553(b) United States Sentencing Guidelines were an unconstitutional provision of law. Petitioner's enhancement was not administered under §3553(a) rather, it was administered under §3553(b) a provision of law which was determined to be unconstitutional, and as such cannot

-2-

at the present be the basis in which the BOP is relying in order to deny petitioner of his "one year" sentence reduction upon his successful completion of the Residential Drug Alcohol Program (RDAP).

The Respondent concedes that "the Booker case could possibly grant the petitioner some relief" but argues that there are two major problems. The Respondent argues that,"First, any possible relief under Booker must be considered by the sentencing court, and Second, the Eleventh Circuit has already determined that, the Booker case is not retroactively applicable to cases on collateral appeal (i.e. review). See Resp. p.11, §D, ¶2). For his proposition the respondent relies in Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). The Respondent's arguments are the ones that present two major problems which makes same contrary to law and procedure for the following reasons:

1. **The Writ Of Habeas Corpus Is The Proper Vehicle To Challenge The Unconstitutionallity Of The Acts Of The Respondent And Wheter The Respondent Can "Now A Days" Rely On An Unconstitutional Provision Of Law To Deny Petitioner A Federal Benefit**

In his §2241 petitioner is not challenging his conviction or sentence nor, is he asking this Court to Vacate, Set Aside or Correct his Sentence (i.e. §2255 motion) rather, in the instant habeas corpus petition the petitioner claims that, at this

moment" the BOP is relying on an unconstitutional provision of law to deprive petitioner of the benefits of the RDAP, a federally funded program. Petitioner's claim is clear, the BOP is at the present time denying him a one year sentence reduction upon successful completion of the RDAP (18 U.S.C. §3621) because, petitioner's sentence was enhanced during his sentencing under U.S.S.G. §§2D1.1. In essence, in the instant matter petitioner is challenging the constitutionallity of the actions of a Federal Agency (i.e. BOP), in specific, the actions of, Scott A. Middlebrooks, Warden, at the Federal Prison Camp Montgomery, located in Montgomery, Alabama, and not the power of the sentencing court to enhance petitioner's sentence under 2D1.1 years before Booker was decided by the supreme court. Therefore, the sentencing court would, 1) be the wrong venue, 2) 28 U.S.C. §2255 would be an improper vehicle to present petitioner's claim, 3) the sentencing court would lack subject matter jurisdiction over the instant matter under §2255, to entertain petitioner's claim/s arguing the unconstitutional application of 18 U.S.C. §3621 and U.S.S.G.§§2D1.1 by the BOP. Petitioner's claim is "only" cognizable under §2241 because, 1) the acts of the BOP which constitute the essence of petitioner's claim are taking place at the present time at the F.P.C. Montgomery, located in Montgomery, Alabama, 2) petitioner is not challenging his criminal conviction or sentence but rather, the constitutionallity of the acts of a federal agency (i.e. BOP)..

See <u>United States v. Barrett</u>, 178 F.3d 34! (1st Cir. 1999). Therefore, the Respondent's argument on this issue lacks any legal merit in light that it is contrary to law. See 28 U.S.C. §2255 and 28 U.S.C. §2241.

2. **<u>Petitioner Does Not Need For Booker, supra, To Be Held Retroactively Applicable To Cases On Collateral Review Because, This Is Not A Collateral Attack To Petitioner's Conviction Or Sentence</u>**

The Respondent argues that because <u>Booker</u> has not been held retroactive, the <u>Booker</u> decision which makes 18 U.S.C. §3582(b) unconstitutional is not applicable to the case at bar. The Respondent's understanding of the retroactive application of a Supreme Court ruling is erroneous. Petitioner does not need for the <u>Booker</u> decision to be made retroactive because, the instant habeas corpus petition is not challenging his conviction or sentence, both which achieved finality at the end of "direct review" of Petitioner's criminal case. See <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987). The case at bar challenges the conduct "presently" being carried out by the Respondent that is, the present denial by the Respondent to Petitioner of the benefit/s of a federally funded program. Therefore, because the instant claim is not part of petitioner's criminal case then, the fact that petitioner's criminal case achieved finality years ago, does not matter for purpose/s of applying <u>Booker</u>, supra, to the case at bar. Further, it must be noticed that the instant claim which is presently before this Court, is yet to undergo final review by this Court, the Eleventh circuit or, the Supreme Court

-5-

thus, is is yet to achieve finality. Furthermore, the act/s of the Respondent which give cause to the instant action occurred after the Court's ruling in <u>Booker</u> and continue at the present time.

For the foregoing reasons it is unnecessary for the <u>Booker</u> decision to be applicable to cases on collateral review before applying same to the case at bar.

The law is clear, the main purpose for creating federal courts was to protect the constitutional rights of the citizens. See <u>Caminetti v. United States</u>, 242 U.S. 470  61 L.Ed 442, 37 S.Ct. 192 (1917). In the instant matter the Respondent acknowledges in his "Response" that <u>Booker</u> declared the United States Sentencing Guidelines as an unconstitutional provision of law, and then, petition this Court to overlook the fact that the Respondent is relying in a now declare unconstitutional provision of law to deprive petitioner of the one year sentence reduction upon his successful completion of the RDAP, a federally funded program. In essence, the Respondent petitions of this Court to turn its face the other way on the fact that the BOP is violating Petitioner's constitutional right by relying in U.S.S.G. 18 U.S.C. §3553(b) §2D1.1, to deny petitioner the year sentence reduction. The respondents appear to ignore that the United States Constitution is the supreme law of the land and whatever law is declared unconstitutional is because, that law offends the Constitution and thus, violates the constitutional right of the

citizens. This Court should not look the other way as requested by the Respondent rather, this Court should uphold the constitution and thereby, protect Petitioner's constitutional rights as mandated by the Supreme Court in Caminetti, supra.

There exists no question that prior to the Booker decision the BOP had the discretion to apply 18 U.S.S.G. §2D1.1 to deny petitioner the benefit/s of the RDAP. However, post Booker neither, the BOP or, any other agency can deny a possible recipient the benefits of a federally funded program by relying for said denial on 18 U.S.C. §3553 §2D1.1, a provision of law declared unconstitutional by the Supreme Court in Booker.

## CONCLUSION

For the foregoing reasons petitioner's §2241 writ of habeas corpus should be GRANTED and the Respondent ordered to grant petitioner the one year sentence reduction upon petitioner's successful completion of the RDAP.

Respectfully submitted,

*Carlos Montero Ayala*
Carlos Montero-Ayala, pro se.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing legal instrument was served on this 23rd day of November, 2005, to: United States Attorney's Office, R. Randolph Neely, AUSA, P.O. Box 197, Montgomery, Alabama 36101-0197. The service was conducted via first class mail. This certificate of service in submitted pursuant to 28 U.S.C. §1746.

*Carlos Montero Ayala*
Carlos A. Montero-Ayala, pro se.